Dujuan THOMPSON, Plaintiff,

v.

DAVIDSON TRANSIT
ORGANIZATION,
Defendant.

No. 3:07–0221.

United States District Court,
M.D. Tennessee,
Nashville Division.

May 21, 2010.

David L. Cooper, Law Office of David L. Cooper, P.C., Nashville, TN, for Plaintiff.

Amy R. Brown, James N. Foster, Jr., McMahon Berger, P.C., St. Louis, MO, John Thomas Feeney, III, Feeney & Murray, PLLC, Nashville, TN, for Defendant.

### ORDER

ALETA A. TRAUGER, District Judge.

This case is in the process of summary judgment briefing, with the defendant, Davidson Transit Organization (DTO), having filed a Motion for Summary Judgment on May 7, 2010. The plaintiff's response is currently due on June 4, 2010.

On May 19, 2010, the plaintiff filed a Motion to Strike a Certain Number of Defendant's Uncontroverted Material Facts in Support of its Motion for Summary Judgment (Docket No. 91). The plaintiff argues that DTO's Statement of Material Facts (SMF), which contains 241 stated facts, is "excessive" and includes 166 stated facts "which are not referenced by the Defendant in [its Memorandum in] support of the motion for summary judgment." (Docket No. 91 at 2.)

The plaintiff points to Local Rule 56.01(b), which states that, "[i]n order to assist the Court in ascertaining whether there are any material facts in dispute, any motion for summary judgment ... shall be accompanied by a separate, concise statement of the material facts as to which the moving party contends there is no genuine issue for trial." L.R. 56.01(b). While the plaintiff cites no direct authority on the issue, he claims that it is "beyond question" that stated facts should be relied

upon in the accompanying Memorandum and it would be "extremely burdensome" to address these additional 166 stated facts "when the Defendant is not even relying on them in support of its motion for summary judgment" (*Id.* at 2–3.)

DTO has responded, arguing that no authority supports the plaintiff's Motion to Strike and that it has merely chosen to provide the relevant facts in the SMF and the relevant law in the Memorandum, only including citations to the appropriate facts when they directly "illustrate Defendant's position." (Docket No. 92 at 1.) DTO argues that it was necessary to organize the materials in this way to stay within the page limit set by the court and that the two documents are to be read "in tandem." (*Id.* at 1–2.) DTO also maintains that all of the facts contained within the SMF are "relevant and material" either directly or as "both background and [ ] foundation for the incidents which form the basis of Plaintiff's causes of action" and that it was not trying to burden the plaintiff but merely generate a "complete record." (*Id.*)

The court has reviewed the SMF and DTO's Memorandum and finds DTO's position well taken. As the parties are well aware, the basic issue in this employment discrimination case is the basis for a series of disciplinary actions taken by DTO against the plaintiff, that is, whether the discipline was brought about due to the plaintiff's misconduct in a series of incidents or whether it was brought about due to the plaintiff's actions and statements regarding employment conditions and union representation. (Docket No. 23 at 3–4.) In the SMF, DTO has largely attempted to provide a thorough summary of the facts related to this fundamental and detailed issue.

A brief overview of the SMF demonstrates this. The substantial majority of DTO's filing is consumed by facts 1–21 and 73–224, which, in thorough but not inappropriate detail, go through the facts surrounding each of the eight alleged incidents of misconduct and provide the basic background and the relevant DTO policies. (Docket No. 90 at 1–6, 14–39.) While these incidents are a key part of DTO's case, in the Memorandum, DTO provides a brief background of each incident before describing how the incident ties into its overarching legal argument.[1] (Docket No. 89 at 15–20.)

The court cannot fault this approach. This is a factually rich case and to include all of these facts in the Memorandum would have rendered the Memorandum excessively long and unwieldy. Instead, while relying directly or indirectly on all of the stated facts, DTO has cited certain key facts in the Memorandum and provided additional, and necessary, factual content in the SMF. If the plaintiff and his counsel feel burdened by addressing the defendant's Motion for Summary Judgment, the plaintiff may file a motion for extension of time. The plaintiff's Motion to Strike a Certain Number of Defendant's Uncontroverted Material Facts in Support of its Motion for Summary Judgment (Docket No. 91) is **DENIED.**

It is so Ordered.

---

1. As to the remainder of the SMF, facts 22–72 concern the plaintiff's actions and statements regarding working conditions and union representation, and the remainder address "allegedly comparable employees" and the plaintiff's bankruptcy filing, which is relevant for DTO's judicial estoppel argument. (*Id.* at 6–14, 39–41.) Again, these stated facts provide additional background and context to the more limited factual discussion of these issues in the Memorandum.